UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. TOWER,

        Petitioner,

                        Case No. 07-10485
v.                            Honorable Arthur J. Tarnow

RAYMOND BOOKER,

        Respondent,
_____/

### ORDER DENYING PETITIONER'S MOTIONS
### (1) FOR DISCOVERY, (2) FOR AN EVIDENTIARY HEARING,
### AND, (3) TO COMPEL STATE COURT RECORDS

This matter is before the Court on Petitioner's motions requesting discovery, an evidentiary hearing, and to compel the production of state-court records. For the reasons set forth below, the motions are denied.

I.      Motion for Discovery

Regarding Petitioner's motion for discovery, as a general rule, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). At this time, Petitioner has not made the requisite showing of "good cause" that the requested items are necessary to the disposition of his case. *Id.* at 908; 28 U.S.C. foll. § 2254, Rule 6(a).

Respondent filed the relevant state court materials pursuant to Rule 5 of the Rules Governing Section 2254 Cases on May 22, 2008. After a careful review of those documents, the Court will then determine if additional records are needed. On that basis, the Court will deny Petitioner's

motion for discovery.

II.     Motion For Evidentiary Hearing

Petitioner has also filed a motion for an evidentiary hearing. If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state-court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. 1999)(Gadola, J.). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

In this case, the motion for an evidentiary hearing will be denied without prejudice. Respondent filed the necessary Rule 5 materials on May 22, 2008, and, at this point in time, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. After a careful review of the Rule 5 materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims. Petitioner's motion for an evidentiary hearing is therefore denied.

III.     Motion To Compel State Court Records

Petitioner's final motion requests that this Court order the State to produce the necessary state-court records. Respondent filed the necessary state-court records pursuant to Rule 5 of the Rules Governing Section 2254 Cases on May 22, 2008. On that basis, the Court will deny Petitioner's motion, as the motion is moot.

IV.     Conclusion

For the reasons stated, the Court concludes that Petitioner's motions are **DENIED**. Should the Court determine that additional materials, discovery, or an evidentiary hearing are required for the resolution of the habeas petition, it will enter an appropriate order. Petitioner need not file any additional motions concerning such matters.

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 5, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 5, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary